**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ANDRE JEROME ELLIOTT-BEY, | |
|   Petitioner, | |
| v. | Civil Action No.:  CCB-20-1084 |
| STATE OF MARYLAND, | (Related Case: CCB-20-781) |
|   Respondents. | |

**MEMORANDUM**

This petition for writ of habeas corpus was filed on April 23, 2020, together with a motion to proceed in forma pauperis.  Petitioner's motion shall be granted.  The petition, like the petition filed by Elliott-Bey last month, must be dismissed for the reasons cited below.  A certificate of appealability shall not issue.

Petitioner Andre Jerome Elliott-Bey asserts that he is illegally confined to Maryland Correctional Training Center because he was kidnapped by Montgomery County Police and subsequently illegally prosecuted in the Circuit Court for Montgomery County because the State's Attorney's office "failed to comply with a lawful command to submit their delegation of authority."  ECF 1 at 4.  He alleges that the state court do not have jurisdiction to prosecute him for criminal conduct because he is Moorish American and, according to the rhetoric he espouses, that status bestows upon him the ability to declare which courts have jurisdiction over him.  *Id*. at 2.  Elliott-Bey recites his historical account of the origins of Moorish Americans in an attempt to lend credence to his argument.

As previously stated by this court in its memorandum and order dismissing Elliott-Bey's prior petition for writ of habeas corpus, the assertions he makes are without any legal merit.  *See Elliott-Bey v. State of Maryland, et al.*, Civil Action CCB-20-781 (D. Md. 2020).  Insofar as he is

asserting that the Maryland state courts lacks jurisdiction to prosecute Moorish–Americans, that argument has been repeatedly rejected. *See El v. Mayor New York*, No. 13–CV–4079 (SLT) (CLP), 2014 WL 4954476, at \*5 (E.D. N.Y. Sept. 30, 2014) (citation omitted); *see Bond v. N.C. Dep't of Corr.*, No. 3:14–cv–379–FDW, 2014 WL 5509057, at \*1 (W.D. N.C. Oct. 31, 2014) (explaining that "courts have repeatedly rejected arguments . . . by individuals who claim that they are not subject to the laws of the . . . individual States by virtue of their 'Moorish American' citizenship"). "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented." *United States v. Benabe,* 654 F.3d 753, 767 (7th Cir. 2011); *see United States v. White*, 480 F. App'x. 193, 194 (4th Cir. 2012) ("Neither the citizenship nor the heritage of a defendant constitutes a key ingredient to a ... court's jurisdiction in criminal prosecutions...."). Elliott-Bey's purported status as a Moorish-American citizen does not enable him to violate state laws without consequence. Thus, "the argument that a person is entitled to ignore the laws of the [State of Maryland] by claiming membership in the Moorish-American nation is without merit . . . ." *El v. Mayor of City of New York*, 2014 WL 4954476, at \*5 (E. D. N.Y. 2014) (omission in original) (citation omitted) (internal quotation marks omitted).

Elliott-Bey also filed another pleading entitled "Affidavit of Fact," which was docketed as a supplemental petition in this case. ECF 3. The pleading concerns Elliott-Bey's disagreement with this court's dismissal of his prior petition. To the extent Elliott-Bey is seeking reconsideration of the court's dismissal, he does not present a cognizable basis to do so and it shall be denied.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U. S.C. § 2253(c)(2); *see Buck v. Davis*, 137

S.Ct. 759, 773 (February 22, 2017).  The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Because this court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall be denied.  *See* 28 U. S.C.§ 2253(c)(2).  Elliott-Bey may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

      A separate order follows.


    5/1/20                                                 /S/
Date                                                   Catherine C. Blake
                                                        United States District Judge